

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. White" (2005). *2005 Decisions.* Paper 956.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/956

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1026

_____

UNITED STATES OF AMERICA

v.

SHEREE WHITE
Appellant

_____

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 02-cr-00375)
District Judge:  Hon. Charence C. Newcomer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2005

BEFORE:  AMBRO, STAPLETON and ALARCON,*
Circuit Judges

(Opinion Filed: June 28, 2005)

_____

Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Because we write only for the parties who are familiar with the facts, we do not fully recount them below. In 2003, a jury sitting in the United States District Court for the Eastern District of Pennsylvania returned a verdict against Appellant Sheree White, finding her guilty on three counts of a Superseding Indictment: Count 1 – conspiracy to commit armed bank robbery, Count 2 – armed bank robbery, and Count 3 – use of a firearm during commission of a violent felony. Appellant appeals her convictions and sentence. We will affirm the judgment of conviction, vacate the sentence, and remand for resentencing.

## I. Rule 404(b) Evidence

Appellant challenges the admission, pursuant to Federal Rule of Evidence 404(b), of evidence of two prior armed robberies committed by an unindicted co-conspirator, both of which were committed with the assistance of the unindicted co-conspirator's girlfriend at the time. Appellant argues that the evidence should have been excluded as not meeting the threshold for relevance and as more prejudicial than probative. We review the District Court's decision to admit or exclude evidence under Rule 404(b) for an abuse of discretion. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001).

Rule 404(b) countenances the admission of evidence of other crimes for purposes other than the purpose of proving the character of a person, in order to show action in conformity therewith. Other permissible purposes include, for example, to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)[1]; *see also United States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999) (favoring the admission of such evidence "if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime").[2]

Admissibility under Rule 404(b) requires (1) a proper evidentiary purpose; (2) relevance under Rule 402; (3) a weighing of the probative value of the evidence against any unfair prejudicial effect under Rule 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used. *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000). The parameters of relevant evidence under Rule 404(b) are set

_____

[1] Rule 404(b) provides:
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

[2] Admissible evidence under Rule 404(b) is not limited to evidence against defendants; as opposed to Rule 404(a), which relates to character evidence of an accused, witness or victim, Rule 404(b) applies to other acts evidence regarding a "person." *See United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004) (noting that Rule 404(b) is not limited to evidence concerning the accused).

by the material issues and facts the government must prove to obtain a conviction. *See*

*United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

The first two requirements are easily met. Other acts evidence satisfies the first

two requirements if it is "probative of a material issue other than character." *Huddleston*

*v. United States*, 485 U.S. 681, 686 (1988). Here, the government was charged with

proving the existence of the conspiracy charged in the indictment. The government

therefore bore the burden of showing that the unindicted individual, Williams, as well as

Appellant, were conspirators. The theory of the conspiracy was that Williams enlisted

Appellant, his then-girlfriend, to help orchestrate a bank robbery. The other acts evidence

was offered to show that the robbery in question was planned and executed according to

Williams' established methodology, *i.e.*, that Williams' "signature crime" was enlisting

and using girlfriends to act as his insider. This evidence is clearly probative of the issue

of whether William's involvement with the defendant was innocent, or part of a

conspiracy – *i.e.*, it is relevant to show that it was more probable or less probable that

Williams was involved as a conspirator.

With regard to the third prong of the analysis, a significant danger of undue

prejudice will only be found in cases where there are "substantial possibilities that a jury

will harbor strong adverse sensitivity to the challenged evidence." *United States v.*

*Sriyuth*, 98 F.3d 739, 748 (3d Cir. 1996). Here, the probative value of the evidence was

not substantially outweighed by its prejudicial effect. The government had a clear need

4

for the evidence given its burden of establishing the knowing involvement of both Williams and Appellant and the circumstantial nature of its case. The evidence was not of a distracting, confusing, or emotionally charged nature that was likely to mislead a jury. Finally, the other acts were in no way imputable to Appellant (indeed, the evidence was from before Appellant ever knew Williams), and so there was no unreasonable risk that the evidence might be misconstrued as propensity evidence. Furthermore, the District Court gave an appropriate limiting instruction concerning the purpose for which the evidence may be used. *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999).

In sum, the other acts evidence had relevance to the factual issues at trial, and the District Court properly determined that the evidence's probative value outweighed its prejudicial effect. There was, therefore, no abuse of discretion in ruling the evidence admissible at trial.

## II. Sentence

Appellant also challenges her sentence under *United States v. Booker*, 125 S.Ct. 738 (2005). The Government concedes that it is appropriate for this Court to vacate Appellant's sentence and remand for resentencing in light of *Booker*. We agree. Accordingly, we will vacate Appellant's sentence and remand for resentencing in accordance with *Booker*. *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (denying rehearing en banc).

5

### III. Conclusion

Appellant's judgment of conviction will be affirmed, her sentence will be vacated, and this case will be remanded for resentencing.